**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Dominguez,         ) | No. CV 08-0499-PHX-DGC (BPV) |
| Petitioner,               ) | **ORDER** |
| vs.                       ) | |
| Charles L. Ryan, et al.,  ) | |
| Respondents.              ) | |

Andrew Dominguez is serving an eleven year sentence in state prison for theft of means of transportation. Doc. 1. He commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* On July 6, 2010, United States Magistrate Judge Bernardo Velasco issued a report and recommendation (R&R) that the petition be denied. Doc. 34. Petitioner has filed an objection to the R&R. Doc. 35. For reasons that follow, the Court will accept the R&R and deny the petition.

**I.    The R&R and Objections.**

The petition asserts two grounds for relief. In Ground I, Petitioner alleges that counsel rendered ineffective assistance by failing to investigate his mental condition and that, as a consequence, Petitioner was incompetent at trial and during plea negotiations. In Ground II, Petitioner alleges counsel's ineffective assistance deprived him of his Sixth and Fourteenth Amendment rights to a fair trial. Doc. 1. Judge Velasco determined that although Petitioner raises two grounds for relief, "they are essentially one claim for ineffective assistance of counsel." Doc. 34 at 13. Judge Velasco found that the ineffective assistance of counsel

1 claim fails because Petitioner has not established that counsel's performance was deficient.
2 *Id.* at 18.

3 The Court may accept, reject, or modify, in whole or in part, the findings or
4 recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1). The Court must
5 undertake *de novo* review of those portions of the R&R to which specific objections are
6 made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*,
7 328 F.3d 1114, 1121 (9th Cir. 2003). Where the state court decided the merits of the claim
8 without providing its rationale, the federal court must independently review the record to
9 assess whether the state court decision was objectively unreasonable under controlling
10 federal law. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Pirtle v. Morgan*, 313
11 F.3d 1160, 1167 (9th Cir. 2002); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000).
12 Because neither the trial court, nor the court of appeals, provided a reasoned decision for
13 rejecting Petitioner's claim, this Court will independently review the record to assess whether
14 the state court decision was objectively unreasonable under controlling federal law, with
15 deference given to the state court's ultimate decision. *Himes*, 336 F.3d at 853; *Pirtle*, 313
16 F.3d at 1167.

17 Petitioner makes two specific objections to the R&R. Doc. 35 at 4-6. The Court will
18 address each objection below.

19 **II.    Analysis.**

20 Petitioner first objects to Judge Velasco's finding that Petitioner's trial counsel
21 diligently pursued an investigation into Petitioner's mental health. Petitioner asserts that this
22 finding is not supported by the evidence. Doc. 35 at 5. He maintains that his attorney's
23 failure to secure further evaluation for Petitioner was "plainly deficient," even under the
24 heavy deference afforded by *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

25 In *Strickland*, the Supreme Court established a two-prong test to evaluate ineffective
26 assistance claims. *Id.* The defendant must show that his attorney's performance fell below
27 an objective standard of reasonableness and resulting prejudice. *Id.* at 687-88. To meet
28 *Strickland*'s performance standard, "[t]rial counsel has a duty to investigate a defendant's

mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003) (citing *Bean v. Calderon*, 164 F.3d 1073, 1077 (9th Cir. 1998)).

The record reflects the following series of events. Counsel represented Petitioner in an earlier criminal case. During that representation, Petitioner informed counsel that he was a client at Value Options. Doc. 28-1 at 2. Counsel requested Petitioner's medical records from Value Options and was told that Petitioner was not a client there. Doc. 38-1 at 8. Counsel sent Petitioner for a psychological evaluation. Doc. 27-1 at 4. The doctor who performed the evaluation determined that Petitioner was malingering and had "no credible mental illness, defect or disability." *Id.* at 4-5. Despite this, counsel requested a full competency evaluation, which the court in the earlier action denied on May 3, 2004. *Id.* at 23-24.

Eight days later, Petitioner committed the crime for which he stands convicted in this case. His counsel from the previous case represented him in this case. A settlement conference for this case was held five months later. After the settlement conference, counsel requested Petitioner's mental health records from the Department of Corrections. *Id.* at 9. Petitioner's DOC health records state that no mental problems were evident. *Id.* at 11-20. Moreover, nothing in the trial transcript or counsel's records indicate Petitioner was incompetent.

Counsel investigated Petitioner's incompetence through several steps – requesting records from Value Options, obtaining a psychological evaluation, seeking a full competency evaluation, and requesting Petitioner's DOC health records. Counsel did not find any evidence suggesting Petitioner was incompetent during these investigations. In fact, counsel continued investigating despite being presented with evidence that Petitioner was malingering symptoms of mental illness and evidence that Petitioner was lying to her. Based on these facts, the Court cannot conclude that counsel's performance fell below an objective standard of reasonableness. Consequently, the Court cannot conclude that the state court's

1 decision to deny the petition was objectively unreasonable under *Strickland*. Petitioner's first
2 objection is without merit.

3 Petitioner further objects to Judge Velasco's finding that the merits of Petitioner's
4 claims can be decided without further evidentiary development. Doc. 35 at 5-6. Petitioner
5 argues that he is "entitled to an evidentiary hearing and the opportunity to testify at the
6 hearing and cross-examine his former counsel under oath in open court as to her deficient
7 performance." Doc. 35 at 5. The Court disagrees.

8 Petitioner is entitled to an evidentiary hearing if (1) he has not failed to develop the
9 factual basis of the claim in the state courts, (2) he meets one of the *Townsend* factors, and
10 (3) he makes colorable allegations that, if proved at an evidentiary hearing, would entitle him
11 to habeas relief. *Insyxiengmay v. Morgan*, 403 F.3d 657, 670-71 (9th Cir. 2005). Petitioner
12 is not entitled to an evidentiary hearing, however, if the claim can be resolved by reference
13 to the state court record and documentary evidence. *Totten v. Merkle*, 137 F.3d 1172, 1176
14 (9th Cir. 1998); *see Griffey v. Lindsey*, 345 F.3d 1058, 1067 (9th Cir. 2003).

15 A review of the evidentiary record details Petitioner's counsel's performance and
16 allows this Court to resolve Petitioner's claims without an evidentiary hearing. The record
17 shows counsel tried to substantiate Petitioner's incompetence on several occasions, found no
18 evidence that Petitioner was incompetent, but did find evidence that Petitioner was
19 malingering. These facts considered, this Court does not find that the state court acted
20 unreasonably in determining that no evidentiary hearing was required, and finds that
21 Petitioner's claim may be resolved by reference to the record. Petitioner's second objection
22 to the R&R is without merit. Accordingly, the Court will accept the R&R and deny the
23 petition.

24 **IT IS ORDERED:**

25 1. The Magistrate Judge's R&R (Doc. 34) is **accepted**.

26
27
28

- 4 -

2.   Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.

DATED this 5th day of October, 2010.

*David G. Campbell*
United States District Judge

- 5 -